**BROWN KWON & LAM LLP**
William Brown, Esq. (WB6828)
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5825
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KIEFER BRAZIER,**<br>**LUISAIRY GONZALEZ PENA,**<br>**and LATASHA AUGUSTUS,**<br>**individually and on behalf of all others similarly**<br>**situated,** | **Case No: 20-cv-08239(VM)** |
| **Plaintiffs,** | |
| **- against -** | |
| **REAL HOSPITALITY GROUP, LLC, and**<br>**REAL PAYROLL GROUP, LLC,** | |
| **Defendants.** | |

### AFFIRMATION OF WILLIAM BROWN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASS, APPROVAL OF CLASS COUNSEL'S ATTORNEYS' FEES, APPROVAL OF SERVICE PAYMENT TO NAMED PLAINTIFFS, AND APPROVAL OF CLASS ADMINISTRATOR'S FEES

I, **William Brown, Esq.**, affirm under the penalty of perjury as follows:

1. I am an attorney duly admitted to practice law in the Southern District of New York and a member of Brown Kwon & Lam, LLP, ("BKL") counsel for Plaintiffs and the proposed class. I submit this affirmation in support of Plaintiffs' Unopposed Motion for Final Approval of

the Class Action Settlement, Certification of the Settlement Class, Approval of Attorneys' Fees,

Claims Administrator's Fees, and Approval of Service Awards to Named Plaintiffs.

2.      I am the lead attorney for Plaintiffs in the case: *Brazier, et al. v. Real Hospitality*

*Group, LLC, et al.*, Case No. 20-cv-08239 (VM) (hereinafter referred to as the "Action"). I

therefore have personal knowledge of the facts and statements made herein.

## Procedural History

3.      This action was commenced as a putative class action under Fed. R. Civ. P. 23 on

October 3, 2020, by Plaintiffs Kiefer Brazier, Luisairy Gonzalez Pena, and Latasha Augustus,

(collectively, the "Named Plaintiffs") alleging violations of the Workers Adjustment and

Retraining Notification Act, 29 U.S.C. §§ 201 *et seq.* (the "WARN Act") and the New York State

Worker Adjustment and Retraining Notification Act, Article 25-A, §§ 860 *et seq.* (the "NY WARN

Act"). Specifically, the Complaint alleges that in March 2020, due to a Covid-19 related closure,

Plaintiffs, who worked at one of Defendants' hotel properties, Cassa Hotel, and the putative class,

were subject to a mass layoff which resulted in the loss of employment of at least 33% of the

workforce employed at Cassa Hotel. The Complaint further alleges that Defendants failed to

provide Plaintiffs with notice which conforms with the requirements of the WARN Act and NY

WARN Act. *See* Dkt. No. 1.

4.      Defendants Real Hospitality Group, LLC and Real Payroll Group, LLC filed an

Answer to the Class Action Complaint on January 15, 2021, in which they denied the material

allegations of liability and damages and asserted various affirmative and other defenses. *See* Dkt.

No. 15.

**Settlement Negotiations**

5.      Since the filing of this Action the parties engaged in several rounds of negotiations which took place over the course of several months.

6.      Following initial discussions, on April 15, 2021, the parties participated in a telephonic conference with Magistrate Judge Freeman. Judge Freeman scheduled a settlement conference for May 20, 2021, but encouraged the parties to continue negotiations in advance of the conference.  *See* Dkt. No. 19.

7.      Following the April 15, 2021 conference, Defendants supplied class data which set forth the average weekly pay for Cassa Hotel employees during the period from January 2020 to March 2020.  Based on a thorough review of the data, damages were estimated to be $323,232.20. After further heated negotiations, taking place over the course of about two months, on July 9, 2021, the parties reached an agreement in principle in the amount of $300,000, of which $279,000 is allocated to resolving the class claims.  This amount represents more than 86% of the putative class's potential damages based on the data supplied by Defendants.  The remaining $21,000 is allocated to Named Plaintiffs as consideration for a general release of claims.

8.      After four months of continuous negotiations, the settlement terms were memorialized in a formal Class Settlement Agreement and Release ("Settlement Agreement") which was executed by all Parties on November 5, 2021.  A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit A**.

9.      The settlement agreement was negotiated at arm's length with the initial assistance of Judge Freeman, and represents a significant percentage of the recovery that the class would have achieved had they prevailed on all of their claims.  Furthermore, prior to reaching an agreement, Class Counsel engaged in a substantive investigation of the WARN Act and NY

WARN ACT notices provided by Defendants to Named Plaintiffs, conducted in-depth intakes of each of the Named Plaintiffs; conducted research regarding the claims, defenses and damages; served formal discovery requests; and analyzed class data regarding class liability damages pursuant to the alleged WARN Act and NY WARN ACT notice violations

10.     Class counsel believes the settlement is fair as it represents a significant percentage of the Class' potential recovery, and represents a fair compromise given the time, costs, risks and uncertainty of litigation.  The Named Plaintiffs support the settlement, and all have signed the Settlement Agreement. Furthermore, after the distribution of Class Notice, as described below, not a single Class Member objected or elected to opt out of the settlement.

## The Terms of the Settlement Agreement

11.     The Parties have agreed to settle the claims of the Named Plaintiffs and all individuals who are or were employed by Defendants at Cassa Hotel whose employment terminated as part of a mass layoff in or after March 2020  (the "Settlement Class").  *See* **Exhibit A**, Settlement Agreement ¶ 1.6.

12.     The parties have agreed, for settlement purposes, to certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23.  *Id*.  The Settlement Class exceeds forty (40) members.

13.     According to the Settlement Agreement, Defendants have agreed to pay $279,000.00 to resolve the class claims (the "Settlement Amount").  *Id*. at ¶ 3.1(A).  Per the Settlement Agreement, Defendants deposited the Settlement Amount into the escrow account of the Settlement Administrator, Rust Consulting.  *Id*. at ¶ 3.1(B).

14.     The Settlement Amount will be distributed by the Settlement Administrator 10 days following the Final Effective Date, which is defined as: (a) the date thirty-five (35) days after the

Court has entered the Final Approval Order, provided the time to appeal from the Final Approval

Order has expired and no notice of appeal has been filed; or (b) in the event a notice of appeal is

filed, the day after all appeals are finally resolved in favor of final approval. *Id*. at ¶ 1.15.

15.     Pursuant to the Agreement, an Authorized Claimant is any Class Member who has

not opted out following notice. *Id*. at ¶_1.4. Authorized Claimants will have ninety (90) days

from the date of mailing to endorse and cash their check (the "Acceptance Period."). *Id*. at

¶ 3.5(D). Authorized Claimants may request a replacement check within the Acceptance Period,

which will remain valid for sixty (60) days after the date of issue. *Id*. Any checks that are not

claimed within the above timeframes will be void. Any uncashed Settlement Checks or Service

Awards, after payment of any unforeseen expenses, will be donated, subject to Court approval, to

City Harvest, Inc., a *cy pres* charitable organization. *Id*. at ¶ 3.5(E).

16.     An Authorized Claimant shall be entitled to receive a proportionate share of the Net

Settlement Fund, after deductions for costs, attorney's fees, service awards, and the Settlement

Administrator's expenses and costs from the "Gross Settlement Amount," which shall be

determined based on their average weekly earnings from the period from January 3, 2020 to March

7, 2020. *Id*. at ¶ 3.5(A). Average weekly earnings are to be calculated by dividing the gross wages

that each Class Member received during the twelve (12) week period from January 3, 2020 to

March 27, 2020 by twelve (12). *Id*. at ¶ 3.5(A)(i). Each Class Member shall then be assigned one

(1) point for every dollar of his or her average weekly earnings, rounded to the nearest dollar. *Id*.

at ¶ 3.5(A)(ii). Each Class Member's proportionate share is determined by adding all points for

Class Members to obtain a "Total Denominator," dividing the points for each Class Member by

the Total Denominator to obtain each Class Member's "Portion of the Net Settlement Fund," and

then multiplying each Class Member's Portion of the Net Settlement Fund by the Net Settlement

Amount to determine each Class Member's individual settlement award, which will be paid to each Authorized Claimant (i.e., to all Class Members who do not opt out).  *Id*. at ¶ 3.5 (A)(iii).

17.     Settlement Checks paid to Authorized Claimants will be allocated one hundred percent (100%) to alleged back wages due, for which a W-2 Form will be issued and applicable payroll taxes withheld.

<strong><u>Preliminary Approval and Administration</u></strong>

18.     On November 12, 2021, the Court granted Preliminary Approval of the Settlement. *See* Dkt. No. 36.

19.     The parties designated Rust Consulting, Inc. ("RUST"), as the Class Administrator. As set forth in the Declaration of Abagail Schwartz, attached hereto as **Exhibit B** ("Schwartz Decl."), RUST has provided administration services in more than 7,500 class action settlements.

20.     The class administrator's costs are estimated to be $10,000 and will be paid from the Settlement Fund.  *See* **Exhibit B,** (Schwartz Decl. ¶ 14).

21.     The Court-approved Notices were mailed to Class Members by RUST on December 1, 2021.  (Schwartz Decl. ¶ 8)   The Notices included an explanation of the allocation formula and an estimate of the amount each Class Member would receive.   The Notices also informed Class Members of their right to object to or exclude themselves from the settlement and explained how to do so.  A true and correct copy of the Class Notice is attached to the Schwartz Decl. as "Exhibit A."

22.     Class Members were given the option to opt-out of the settlement by completing and returning an opt-out statement post marked by the Bar Date, which is sixty (60) days from the initial mailing of the Class Notice. *See,* Exhibit A. at ¶ 2.7(B).

6

23.     Subsequent to the December 1, 2021 mailing, the parties agreed to include an additional RHG employee who was not initially categorized as a Class Member.  On January 14, 2022, Notice was sent to the additional Class Member.  (Schwartz Decl. ¶ 9). Due to the later mailing date, the Bar Date for the additional Class Member was extended from February 1, 2022 to February 28, 2022. *See Id.*

24.     Following the mailing of Notice, no Class Notices were returned as undeliverable, no Class Members opted out of the Settlement, and there were no objections.  (Schwartz Decl. ¶¶ 10, 12, 13.  Three class members contacted Class Counsel to discuss the terms of the Settlement Agreement.

<strong><u>Service Awards to Named Plaintiffs</u></strong>

25.     Pursuant to the Settlement Agreement, service awards of $3,000 each are to be awarded to the three Named Plaintiffs in recognition of the services they rendered on behalf of the Class.  *See* Exhibit A, at ¶ 3.3.

26.     The Named Plaintiffs were essential to this litigation and spent substantial time and effort assisting Class Counsel throughout this Action.  They each assisted Class Counsel's investigation and prosecution of the claims by providing key documents and information, including the termination notice and information regarding the timing of Class Members' termination and distribution of notice as well as the size and scope of the class.  The Named Plaintiffs assisted in preparing the complaint and actively participated in settlement negotiations.

27.     The Class Notice informed Class Members of the amount requested for service awards to Named Plaintiffs.  No Class Member objected to the service awards.

7

**Class Counsel's Attorneys' Fees**

28.    According to the Settlement Agreement, Class Counsel requests an attorneys' fee award of one-third of the total settlement amount or $100,000.00.

29.    No Class Member has objected to this request.

30.    Over the course of this litigation, Class Counsel has expended 137 hours of billable time litigating and settling this matter.  A copy of Class Counsel's time records is attached hereto as "**Exhibit C**."  As of this date, Class Counsel has not received any compensation for the significant efforts expended on behalf of the Class Members, and its fees have been wholly contingent upon the result achieved.  In addition, Class Counsel will expend significant additional time preparing for the Final Approval Hearing and administering the settlement.

31.    Class Counsel's request for $100,000 is equal to approximately 2 times (1.82) Class Counsel's lodestar.

32.    The partners of Brown Kwon & Lam, LLP ("BKL"), Angela Kwon, Esq., Clara Lam, Esq., and myself worked on this matter.  All three attorneys are highly experienced employment attorneys who have extensive experience prosecuting and settling employment class actions.

33.    Angela Kwon, Esq. received her B.S. in Applied Economics and Management from Cornell University in 2009.  She later graduated from University of Virginia School of Law in 2013.  She is admitted to practice law in the states of New York and Virginia, as well as the United States District Courts for the Southern and Eastern Districts of New York, where she is a member in good standing.

34.    Clara Lam, Esq. received her B.A. in International Relations from Mount Holyoke College in 2010.  She later received her juris doctor from University of California, Hastings School

of Law in 2015.  Clara Lam is admitted to practice law in the states of New York and New Jersey, as well as the United States District Courts for the Southern and Eastern Districts of New York and the District of New Jersey, where she is a member in good standing.

35.     I graduated *summa cum laude* from Stony Brook University with a B.A. in Economics and Political Science.  I received my juris doctorate from Hofstra University School of Law in 2012, and was admitted to practice law in the State of New York in 2014.  I am admitted to practice and in good standing in the United States District Courts for the Western, Eastern and Southern Districts of New York.

36.     All three attorneys have spent their entire legal careers practicing employment law. Prior to forming BKL, Ms. Kwon, Ms. Lam and myself worked for Lee Litigation Group PLLC where we prosecuted dozens of large, complex employment class actions, including, but not limited to *Robreno v. Eataly America, Inc., No.* 17-cv-9361 (S.D.N.Y.)*; Vazquez v. Eataly America, Inc.*, Index No. 156933/2018 (N.Y. Cty. Supreme); *Uraga v. Amici 519 LLC*, No. 17-cv-3547 (S.D.N.Y.); *Fteja v. Nusret New York LLC.*, 19-cv-429 (S.D.N.Y.); *Hernandez v. Between the Bread 55th Inc.*, 17-cv-9541 (S.D.N.Y.); *Paniagua v. Havana Cafe, LLC*, 18-cv-7038 (S.D.N.Y.); *Tendilla et al v. Pearlstone Restaurant, LLC*, 18-cv-8900 (S.D.N.Y.); among others.

37.     BKL was formed with the purpose of representing aggrieved employees who suffered violations of state and federal employment laws.  Since its formation, BKL has represented hundreds of employees alleging such violations, and have filed numerous employment class and collective actions.

38.     Class Counsel therefore respectfully requests that the Court approve attorneys' fees in the amount of one-third (1/3) of the settlement or $100,000.

\*                           \*                           \*

39.     Based on the foregoing, Plaintiffs respectfully request an Order (i) granting final

approval of the Class Action Settlement; (ii) Certifying the settlement class pursuant to Fed. R.

Civ. P. 23; and (iii) approving Class Counsel's attorneys' fees; (iv) approving Named Plaintiffs'

service awards and general release payments; (v) approving the Settlement Administrator's fees;

and (iv) dismissing this action with prejudice.

Dated:  New York, New York
        March 3, 2022

                                    Respectfully submitted,

                                    **BROWN, KWON & LAM LLP**

                        By:     */s/ William Brown*

                                    William Brown, Esq.
                                    521 Fifth Avenue, 17th Floor
                                    New York, NY 10175
                                    Tel.: (212) 295-5828
                                    Fax: (718) 795-1642
                                    wbrown@bkllawyers.com
                                    *Attorneys for Plaintiffs*